```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 HARRISON DIVISION
```

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

    **v.**                    **Case No. 07-30004**

**KENNETH DEAN HULEN**                                          **DEFENDANT**


**O R D E R**

Currently before the Court is Defendant's **Motion to Dismiss Indictment (Doc. 29)** and the Government's **Response (Doc. 31)** in opposition. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.  The indictment in this case charges that on or about April 13, 2007, the defendant violated 18 U.S.C. § 2250 by failing to update his registration as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, et seq., which was enacted on July 27, 2006.

2.  According to the Government, the following events led the defendant's indictment:

*   In 1999, the defendant was convicted in the State of Iowa of four counts of assault with intent to commit sexual abuse of a minor female.

*   The defendant thereafter moved to Arkansas and registered as a sex offender with the Harrison, Arkansas Police Department. On February 27, 2006, the defendant signed a "Sex Offender

1

Acknowledgment Form," which specifically stated that the defendant was required to notify the Arkansas Crime Information Center in writing of any change in his residence or mailing address ten days prior to the effective date of the change.

\*   On October 20, 2006, the defendant was arrested in Washington County, Arkansas, for third degree domestic battery. At the time of this arrest, the defendant stated that he lived in Prairie Grove.

\*   On April 18, 2007, the defendant was arrested in Howard County, Arkansas, after an armed stand-off with police. At the time of this arrest, the defendant stated that he lived at a Howard County address.

\*   The defendant failed to update his Arkansas sex-offender registration with a change in address reflecting that he had moved from Harrison to Prairie Grove or Howard County.

3.  The defendant moves to dismiss the indictment, arguing that there is no evidence that he traveled in interstate commerce, an essential element of the offense, after the effective date of the law, and that the retroactive application of the law would violate the ex post facto clause.

Neither the Eighth Circuit Court of Appeals nor any of its sister circuits has addressed the issue of whether the retroactive application of SORNA's registration requirements violates the Ex Post Facto Clause. However, the majority of district court

2

decisions on this issue, including several from this district, have held that SORNA is not an ex post facto law.  See United States v. Marcantonio, 2007 W.L. 2230773, at *1 (W.D. Ark. July 31, 2007); United States v. Markel, 2007 W.L. 1100416, at *1-2 (W.D. Ark. Apr. 11, 2007); United States v. Payne, Case No. 07-20002 (W.D. Ark. Feb. 26, 2007); United States v. Manning, 2007 W.L. 624037, at *1 (W.D. Ark. Feb. 23, 2007)[1]; United States v. Gonzales , 2007 W.L. 2298004, at *10 (N.D. Fla. Aug. 9, 2007); United States v. Mason, 2007 W.L. 1521515, at *4-5 (M.D. Fla. May 22, 2007); United States v. Templeton, 2007 W.L. 445481, at *5 (W.D. Okla. Feb. 7, 2007); United States v. Madera, 474 F. Supp.2d 1257, 1262-64 (M.D. Fla. Jan. 16, 2007).

These decisions have relied upon the reasoning in Smith v. Doe, 538 U.S. 84 (2003), in which the Supreme Court upheld the retroactive application of an Alaska sex offender registration law. Failure to register under the Alaska law carried a criminal penalty, just as 18 U.S.C. § 2250 does for failure to register under SORNA.  The Supreme Court held, however, that the Alaska registration law was nonpunitive, and that its retroactive application, therefore, did not violate the ex post facto clause. The Court reasoned that the registration scheme was designed to protect the public from sex offenders and that an imposition of

---

1.   The Marcantonio, Markel, Payne and Manning decisions were issued by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

restrictive measures on sex offenders adjudged to be dangerous was a legitimate nonpunitive governmental objective.  <u>Id.</u> at 93-97.

This Court, like the majority of others that have addressed the issue, finds that the rationale applied by the Supreme Court in <u>Smith</u> in analyzing the retroactive application of the Alaska registration law likewise applies to the retroactive application of SORNA.  The Court, therefore, concludes that the retroactive application of SORNA does not violate the ex post facto clause.  The Court acknowledges that one district court case cited by the defendant, <u>United States v. Bobby Smith</u>, 481 F. Supp.2d 846, 851-54 (E.D. Mich. 2007), has reached the opposite conclusion, but the Court is unpersuaded by the reasoning in this isolated case.

4.   Defendant next argues that he was never notified of the requirement to register under SORNA, as required by SORNA's own provisions, so he could not have knowingly failed to register under § 2250.  This argument has likewise been rejected by the majority of district courts to address the issue.  <u>See</u> <u>Marcantonio</u>, 2007 W.L. 2230773, at *1-2; <u>Markel</u>, 2007 W.L. 1100416, at *2; <u>Payne</u>, Case No.  07-20002; <u>Manning</u>, 2007 W.L. 624037, at *2; <u>Gonzales</u>, 2007 W.L. 2298004, at *2-4; <u>United States v. Hinen</u>, 487 F. Supp.2d 747, 754 (W.D. Va. 2007);  <u>United States v. Roberts</u>, 2007 W.L. 2155750, at *2 (W.D. Va. July 27, 2007).

The defendant was advised in writing that he was required under Arkansas law to update his sex-offender registration ten days

prior to the effective date of any change in his address. As explained in Marcantonio:

> A violation of SORNA requires that a defendant knowingly fail to register or update a registration. A defendant can violate [SORNA] by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

Id. at * 2. Thus, defendant's notice of his registration requirements under Arkansas law is sufficient to support a charge that he knowingly violated SORNA.

5. Based on the foregoing, the Court concludes that the defendant's Motion to Dismiss (Doc. 29) is without merit. Accordingly, the motion is hereby **DENIED**.

IT IS SO ORDERED this 15th day of August 2007.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE